UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cv464-RJC

| | ) | |
|---|---|---|
| HENRY LOUIS WALLACE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MARVIN POLK, Warden, | ) | |
| Central Prison | ) | |
| Raleigh, North Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Henry Louis Wallace's Application for a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22. (Doc. No. 28). The State has put forward no opposition to Wallace's Application.

Wallace seeks to appeal the Court's denial of Claims I and II of his Petition for Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2254. This Court may issue a certificate of appealability ("COA") only if Wallace has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the United States Supreme Court has stated, "'where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**CLAIM I: Change of Venue**

In Claim I of his Petition, Wallace claimed that the trial court erred in denying his motions

for a change of venue. Wallace argued that he was unable to get a fair trial because of prejudicial pretrial publicity.

Wallace raised this claim on direct appeal, and the North Carolina Supreme Court rejected it on the merits. See State v. Wallace, 528 S.E.2d 326, 346 (N.C. 2000). This Court concluded that the state court's rejection of this claim did not result in a decision that was contrary to or an unreasonable application of clearly established federal law. See § 2254(d)(1). The Court based that conclusion on Wallace's failure to show either that the circumstances under which his trial was held were presumptively prejudicial or that the jury selection process at his trial permitted an inference of actual prejudice. See Murphy v. Florida, 421 U.S. 794, 799 (1975) (outlining the two types of situations in which the United States Supreme Court has found that pre-trial publicity deprived the defendant of a fair trial). The Court does not believe that reasonable jurists would find its assessment of this claim debatable or wrong. See Miller-El, 537 U.S. at 338. Therefore, Wallace is denied a COA for Claim I.

**CLAIM II: Miranda**

In Claim II of his Petition, Wallace claimed that the trial court's refusal to suppress his confessions to police violated his rights under the Fifth, Sixth and Fourteenth Amendments. Wallace's argument was that because the police intentionally delayed reading him his rights under Miranda v. Arizona, 384 U.S. 436 (1966), his subsequent confessions were involuntary and inadmissible. On direct review, the North Carolina Supreme Court applied controlling precedent, Oregon v. Elstad, 470 U.S. 298 (1985), to Wallace's claim and rejected it on the merits, Wallace, 528 S.E.2d at 350. This Court concluded that the state court's decision did not result in an unreasonable application of Elstad. See § 2254(d)(1).

The thrust of Wallace's argument in support of his application for a COA is that law

enforcement officers' deliberate decision to establish a rapport with him before advising him of his Miranda rights was coercive and calculated to undermine his ability to exercise his free will. While this tactic may have contributed to Wallace's decision to confess, the Court does not believe that reasonable jurists would debate or disagree with its conclusion that the pre-Miranda period during which police talked with Wallace but did not attempt to elicit any incriminating information was neither coercive nor designed to undermine Wallace's ability to exercise his free will. A COA for this claim also is denied.

For the foregoing reasons, it is **HEREBY ORDERED THAT** Wallace's application for a certificate of appealability for Claims I and II is **DENIED**.

Signed: August 22, 2008

Robert J. Conrad, Jr.
Chief United States District Judge